## BURKITT v. UNITED STATES.
### Civ. No. 5828.

United States District Court
D. Oregon.
June 6, 1951.

Carl E. Davidson and Charles P. Duffy, both of Portland, Or., for plaintiff.

Henry L. Hess, U. S. Atty., Donald W. McEwen, Asst. U. S. Atty., both of Portland, Or., and Andrew F. Oehmann, Spec. Asst. to Atty. Gen., for defendant.

McCOLLOCH, District Judge.

The parties having produced testimony and evidence in behalf of their respective contentions, as reflected by the pretrial order previously made and entered herein; and

The Court having thereafter considered fully all matters of fact and law presented by the parties and being at this time fully advised, does make the following

### Findings of Fact

#### I

Plaintiff instituted this action to recover individual income taxes collected from

him by a former Collector of Internal Revenue of the United States for the District of Oregon for the calendar year 1946. Jurisdiction of this action is based upon Section 1346 (a)(1) of the Judicial Code of the United States, Title 28.

## II

Plaintiff is, and at all times material herein was, a resident of the State of Oregon.

## III

Ketron Island is an island situated about one mile from the mainland near Steilacoom, Washington. This island was acquired in 1943 by Ketron Island Company, a Washington corporation, the capital stock of which was held one-half by one J. W. Blaney and members of his family, and one-half by plaintiff and his wife, Kathryn Burkitt. J. W. Blaney was president of the company and plaintiff was secretary thereof. The corporation considered various ideas for developing the island. The last one, which was carried out in part, was the development of the island as a vacation resort. At the time the corporation acquired the island, there was constructed on it a main lodge and caretaker's house. To develop the island as a summer resort, the corporation purchased 62 guest houses which had previously been situated in Rainier National Park near Paradise Inn. These houses were moved to the island and some of them were made ready for occupancy and were equipped with furniture and bedding. The island was also equipped with a light plant, power water pump, truck, row boat, and an outboard motor. Some rental income was received by the corporation during the time it held the property.

## IV

On September 11, 1944, Ketron Island Company sold all of its property to plaintiff for $46,500.00. The purchase price was paid by plaintiff's assumption of the debts of the company, including payment of five promissory notes of the corporation to banks totaling $46,500.00.

## V

Upon taking over the property of the Ketron Island resort, the plaintiff surveyed the property and made efforts to rent the property or to otherwise arrange for the operation of the resort. These efforts failed, largely due to war time travel restrictions.

## VI

On or about October 28, 1946, plaintiff sold said property. In filing his individual income tax return for the year 1946, plaintiff reported a long term capital loss on the sale of said property in the amount of $9,057.15. Plaintiff paid the income tax due on his said return to the then Collector of Internal Revenue of the United States for the District of Oregon. Thereafter, and on or about July 2, 1947, and within the time permitted by law, plaintiff filed with the then Collector of Internal Revenue of the United States for the District of Oregon, for transmission to the Commissioner of Internal Revenue of the United States, his claim for refund of $3,609.71, upon the ground that the loss sustained by him on the said sale of Ketron Island property was an ordinary loss rather than a long term capital loss.

## VII

On or about April 14, 1949, the Acting Internal Revenue Agent in Charge of the Seattle Division of the Bureau of Internal Revenue notified plaintiff of a proposed disallowance of the aforesaid refund claim, based upon the assertion that the said property was neither depreciable property nor real estate used in plaintiff's trade or business. Plaintiff was further notified of a proposed overassessment for the year 1946 in the amount of $129.50, based upon increasing plaintiff's adjusted tax basis for the Ketron Island property in the amount of $518.00.

## VIII

On or about January 13, 1950, and within the time permitted by law, plaintiff filed with the Collector of Internal Revenue of the United States for the District of Oregon, for transmission to the Commissioner of Internal Revenue of the United States, his amended claim for refund of $3,929.58,

based upon the grounds asserted in his original claim for refund and the increase in plaintiff's adjusted tax basis for the Ketron Island property in the amount of $518.00.

## IX

There has been refunded to plaintiff the sum of $129.50, but the aforesaid claims for refund were otherwise disallowed by the Commissioner of Internal Revenue of the United States by a notice dated July 6, 1950, in accordance with the provisions of Section 3772 (a)(2) of the Internal Revenue Code of the United States, Title 26.

From the foregoing Findings of Fact, the Court draws the following

## Conclusions of Law

### I

The improvements on Ketron Island were of a character which were subject to the allowance for depreciation provided in Section 23 *(l)* of the Internal Revenue Code of the United States, Title 26.

### II

During all times from September 11, 1944, to and including October 28, 1946, said property was used by plaintiff in his trade or business within the purview of Section 117 (a)(1) of the Internal Revenue Code of the United States, Title 26, and was, therefore, not a capital asset.

### III

The loss sustained by plaintiff from the sale of said property in the year 1946 constituted an ordinary loss to plaintiff in that year and did not constitute a long term capital loss subject to the limitations of Sections 117 (b) and 117 (d) of the Internal Revenue Code of the United States, Title 26.

### IV

By reason of the foregoing, plaintiff is entitled to recover judgment of and from defendant for the sum of $3,800.08, together with interest thereon as provided by law and for his allowable costs and disbursements incurred herein.

## Judgment

It Is hereby Considered, Ordered, and Adjudged that plaintiff have and recover judgment of and from defendant for the sum of $3,800.08, together with interest thereon as provided by law and for his allowable costs and disbursements incurred herein.